The main opinion grants Kampis's petition for a writ of mandamus and directs the trial court to vacate its order compelling arbitration, because, the main opinion concludes, the parties' contract does not have a sufficient nexus with interstate commerce to subject this dispute to the provisions of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1
et seq. I disagree, and I respectfully dissent for the same reasons that I dissented in Sisters of the Visitation v. Cochran Plastering Co.,775 So.2d 759 (Ala. 2000), on which the main opinion relies.
In Sisters of the Visitation, this Court established a standard for determining when a transaction has a "substantial effect" on interstate commerce. I believe the standard this Court established in Sisters of theVisitation is inconsistent with prior decisions of the United States Supreme Court. As I wrote in my dissenting opinion in that case, "The United States Supreme Court has held that in the FAA Congress exercised the full scope of its Commerce Clause power." 775 So.2d at 782 (See, J., dissenting) (citing Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265,277, (1995)). Further, I noted that, "[u]ntil the United States Supreme Court overrules Wickard [v. Filburn, 317 U.S. 111 (1942)], Congress may constitutionally subject to federal jurisdiction economic activity that affects interstate commerce, as long as that effect is substantial when considered in the *Page 825 
aggregate." Sisters of the Visitation, 775 So.2d at 782 (See, J., dissenting).
The evidence in this case established that the defendants purchased substantial quantities of building materials from retailers and suppliers operating throughout Alabama and across state lines. The aggregate effect of those transactions, when considered under Wickard v. Filburn,317 U.S. 111 (1942), creates a nexus with interstate commerce that is sufficient to support Congress's authority to enact the FAA and to subject this contract to its application. Given the parties' clear agreement to settle their disputes through arbitration, the trial court properly granted Yarbrough's motion to compel arbitration. Accordingly, I must respectfully dissent.